## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AV TECH, INC. D/B/A FLINT AUDIO VIDEO, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CA No.: 1:21-cv-00506-MSM-PAS |
| | : | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## JANE DOE I'S MOTION TO INTERVENE

NOW COMES the proposed intervenor, Jane Doe I, Individually and on behalf of a class of persons similarly situated (collectively "Jane Doe I"), and by and through her undersigned counsel, pursuant to Rule 24 of the Federal Rules of Civil Procedure, respectfully moves to intervene as a matter of right in the instant action in order to protect her interests and the interests of the class in an underlying class-action lawsuit pending in Rhode Island state court.  In Jane Doe I's underlying class-action lawsuit, AV Tech, Inc. D/B/A Flint Audio Video ("AVT") is one of the defendants and, at all relevant times, AVT and its employees were insured under a commercial general liability policy by Nationwide Mutual Fire Insurance Company ("Nationwide").  Jane Doe I must be allowed to intervene in this matter to protect her interests and establish that Nationwide must defend and indemnify AVT and its employees, Adam Jilling, Daniel Anton, Gary Gagne, Geoffrey Preuit, George Quintal, and Terrence Roy.  Additionally, as the tort claimant, Jane Doe I is a necessary and interested party in this litigation.

In support of her motion, Jane Doe I states as follows:

1

1.) Jane Doe I filed a class-action complaint, Case Number NC-2018-0311 ("Newport Class Action"), in Newport County Superior Court on August 28, 2018 against AVT and its employees, Adam Jilling, Daniel Anton, Gary Gagne, Geoffrey Preuit, George Quintal, and Terrence Roy;

2.) Nationwide insured AVT and its employees under a Commercial General Liability Policy (Policy No. ACP GLGO 5484058960) that it issued to AVT of 77 E. Main Rd., Middletown, RI with effective dates of September 7, 2017 to September 7, 2018 (collectively the "CGL Policy");

3.) The allegations within the Newport Class Action trigger coverage under the insuring agreement of the CGL Policy, as the Newport Class Action sufficiently alleges that AVT and its employees were negligent and that AVT and its employee's negligent conduct caused bodily injuries to Jane Doe I that arose out of the insured location under the CGL Policy;

4.) Nationwide has denied coverage to AVT and its employees regarding Jane Doe I's Newport Class Action, which prejudices Jane Doe I's ability to recover damages from AVT and its employees;

5.) On June 7, 2022, Jane Doe I became aware of this coverage litigation between AVT and Nationwide and she has taken immediate action to interview.

6.) Jane Doe I's Motion to Intervene is timely;

7.) Jane Doe I has an interest in this action because AVT and its employees, who were insured at all relevant times by Nationwide, negligently caused bodily injuries to Jane Doe I that fall within the scope of Nationwides' CGL Policy, and without Nationwide providing the coverage that is owed to AVT, Jane Doe I's ability to collect her eventual judgment award

in her underlying Newport Class Action against AVT and its employees will prejudiced or impaired;

8.) Jane Doe I's claim bears a "sufficiently close relationship" to the dispute between the existing parties, as AVT's complaint arises out of the same occurrence that Jane Doe I's underlying Newport Class Action arises from;

9.) Jane Doe I's ability to protect her interest and the interest of the potential class will be impaired or impeded if she is not allowed to intervene in this action;

10.) Jane Doe I's Motion to Intervene is nonprejudicial to the existing parties and will not unduly delay the adjudication of the existing parties' rights;

11.) Jane Doe I's interest in this litigation is not adequately represented by the existing parties;

12.) Plaintiff, AVT, does not oppose Jane Doe I's request to intervene in the underlying matter between AVT and Nationwide;

13.) Principles of justice and equity require that Jane Doe I be allowed to intervene in the present action, whether it be through intervention of right or permissive intervention;

14.) Jane Doe I would like an opportunity to oppose Nationwide's pending Motion for Judgment (with an opportunity for Nationwide to respond to the opposition).

15.) Counsel for Jane Doe I has conferred with all counsel concerning this Motion to Intervene. Counsel for AVT has NO OBJECTION to this Motion. Counsel for Nationwide has requested an opportunity to confer with his client concerning this Motion.

In further support of her Motion to Intervene, Jane Doe I relies on the accompanying Memorandum of Law in Support of Her Motion to Intervene. A proposed Complaint in Intervention is attached as **Exhibit A**.

WHEREFORE, Jane Doe I, Individually and on behalf of a class of persons similarly situated, respectfully requests that this Honorable Court grant her Motion to Intervene in this action and grant such other relief as the Court deems just and proper.  Jane Doe I also respectfully requests that the Proposed Complaint in Intervention (**Exhibit A**) be deemed filed as of the date of the allowance of this motion.  Jane Doe I also respectfully requests fourteen (14) days to file an opposition to Nationwide's Motion for Judgment on the Pleadings.

> Respectfully submitted,
> The Proposed Intervenor,
> Jane Doe I,
> By her Attorneys,
>
> */s/ John A. Donovan III*
> John A. Donovan III #5707
> Connor Criswell #10267
> SLOANE AND WALSH, LLP
> 652 Washington Highway, 3rd floor
> Lincoln, RI 02868
> P: 401-495-6796
> jdonovan@sloanewalsh.com
> ccriswell@sloanewalsh.com

DATED:  June 13, 2022

## CERTIFICATION OF SERVICE

I, John Donovan III, Esq., of the law firm Sloane and Walsh, LLP, hereby certify that the within document was filed through the electronic filing system and will be sent electronically to all registered participants as identified on the system on June 13, 2022.

> */s/  John A. Donovan III*