UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AV TECH, INC. D/B/A FLINT AUDIO VIDEO; and JANE DOE I, INDIVIDUALLY AND ON BEHALF OF A CLASS OF PERSONS SIMILARLY SITUATED, as the Intervening Plaintiff, | : : : : : : | |
| *Plaintiff*, | : : | |
| v. | : : | CA No.: 1:21-cv-00506-MSM-PAS |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | : : : | |
| *Defendant*. | : : | |

**JANE DOE I'S PROPOSED COMPLAINT IN INTERVENTION AND JURY DEMAND**

The Intervening Plaintiff, Jane Doe I, Individually and on behalf of a class of persons similarly situated, by and through her attorneys, and for her Proposed Complaint in Intervention against Nationwide Mutual Fire Insurance Company, hereby alleges as follows:

**PARTIES**

1. The Intervening Plaintiff, Jane Doe I, is a fictitious name of an adult female who, at the time of the alleged incident resided in Newport County, Rhode Island. She brings this action in her individual capacity and on behalf of all other similarly situated Jane Does and John Does, both known and unknown at the time.

2. The existing Plaintiff, AV TECH., INC. D/B/A Flint Audio Video ("AVT"), is a Rhode Island corporation with a principal place of business at 77 East Main Road, Middletown, Rhode Island.

1

3. Upon information and belief, Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), is a foreign corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at One Nationwide Plaza, Columbus, Ohio. At all relevant times, Nationwide was licensed to and was conducting business in the State of Rhode Island.

## JURISDICTION AND VENUE

4. The United States District Court for the District of Rhode Island continues to have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S. Code § 1367.

5. The United States District Court for the District of Rhode Island is the proper Venue for this Proposed Complaint in Intervention pursuant to 28 U.S.C. § 1391(b)(2), based upon its proximity and location to the site where the events occurred and each party's subject matter jurisdiction to the events.

## STATEMENT OF FACTS

6. The Intervening Plaintiff, Jane Doe I, repeats and incorporates by reference the responses to paragraphs 1 through 5 of the Proposed Complaint in Intervention above, as if specifically set forth herein.

7. On August 28, 2018, Jane Doe I filed a class-action complaint (NC-2018-0311) in Newport County Superior Court against AVT, its owners, and some of its employees (hereinafter the "Newport Class Action").

8. As stated in Jane Doe I's Newport Class Action complaint, AVT's owners and employees improperly, negligently, and/or unlawfully accessed, saved, published, and/or disseminated highly confidential private information, including videos and photographs, of the Intervening

Plaintiff class members, including Jane Doe I, without their permission, knowledge, and/or consent in or before 2011.  *See Exhibit A: Newport Class Action*.

9. As stated in the Newport Class Action, as a direct and proximate result of AVT's owners' and employees' negligence, Jane Doe I incurred damages, suffered damages to her property interests, became severely and permanently injured, suffered and will in the future suffer great pain of body, suffered and in the future will suffer a loss of the enjoyment of life, suffered and will continue to suffer lost wages and a loss of earning capacity, has been unable and will continue to be unable to perform usual daily activities, has been required and will in the future continue to be required to undergo medical treatment and care, and has suffered and will continue to suffer severe and permanent emotional distress resulting in physical symptomology.  *See id*.

10. As stated in the Newport Class Action, AVT's owners and employees had begun searching for and accessing private, confidential, and sensitive data, images, videos, or files which were stored on the electronic devices of AVT's female customers, including Jane Doe I, without their permission, knowledge, and or consent in or before 2011.  *See id*.

11. As stated in the Newport Class Action, as a direct and proximate result of AVT's owners' and employees' acts and omissions as set forth therein, Jane Doe I has suffered physical injury, personal injury, severe emotional distress and or damages or harm in an amount to be determined at trial.  *See id*.

## COUNT I – DECLARATORY JUDGMENT – NATIONWIDE OWES A DUTY TO DEFEND AVT, ITS OWNERS, AND ITS EMPLOYEES

12. The Intervening Plaintiff, Jane Doe I, repeats and incorporates by reference paragraphs 1 through 11 of the Proposed Complaint in Intervention above, as if specifically set forth herein.

13. Nationwide issued a Commercial General Liability insurance policy (Policy No. ACP GLGO 5484058960) to AVT of 77 E. Main Rd., Middletown, RI with effective dates of September 7, 2017 to September 7, 2018 (collectively the "CGL Policy").

14. The CGL Policy states, in pertinent part, the following:

    **SECTION I – COVERAGES**

    **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;

    (2) The "bodily injury" or "property damage" occurs during the policy period;

    …

15. Additionally, the CGL Policy states, in pertinent part, the following:

    **COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

    **1. Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

16. Additionally, the CGL Policy states, in pertinent part, the following:

    **SECTION V - DEFINITIONS**
    …
    3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
    …
    13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    …
        d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

        e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    …
    17. "Property damage" means:

        a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

17. The Newport Class Action complaint triggers coverage under the insuring agreement of the CGL Policy, and Nationwide has a duty to defend and indemnify AVT and its owners and employees in connection with the Newport Class Action complaint.

18. Nationwide has wrongfully and improperly denied coverage and failed to satisfy its defense obligation under the CGL Policy.

19. The CGL Policy states that Nationwide will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

20. AVT and its agents, owners, and employees' negligent acts and omissions constituted an "occurrence" because they were accidents which resulted in bodily injury to female customers, including Jane Doe I.

21. The female customers, including Jane Doe I, suffered "bodily injuries" due to AVT's negligent acts and omissions.

22. AVT and its agents, owners, and employees, including, but not limited to, Terrence Roy, Adam Jilling, Gary Gagne, and Daniel Anton, are "insureds" under the CGL Policy, and their activities arose out of 77 E. Main Rd., Middletown, RI and caused the bodily injuries to the female customers, including Jane Doe I.

23. Accordingly, AVT and its agents, owners, and employees are legally obligated to compensate Jane Doe I due to the occurrence which resulted from their negligent personal acts and the negligence which arose out of their use of real property that was insured by Nationwide under the CGL Policy, which is where AVT conducted its business.

24. Because AVT and its agents, owners, and employees are legally obligated to compensate Jane Doe I due to said occurrence, Nationwide must pay the damages and must defend AVT and its owners and employees, according to the CGL Policy under COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY.

25. Accordingly, Nationwide owes a duty to defend and a duty to indemnify AVT and its agents, owners, and employees, including, but not limited to, Terrence Roy, Adam Jilling, Gary Gagne, and Daniel Anton, with respect to the Newport Class Action under the CGL Policy.

26. Therefore, the Intervening Plaintiff, Jane Doe I, is entitled to a declaration that Nationwide owes a duty to defend AVT, its agents, owners, and employees, with respect to the Newport Class Action under the CGL Policy.

WHEREFORE, the Intervening Plaintiff, Jane Doe I, demands judgment on her behalf together with fees and costs.

### COUNT II – DECLARATORY JUDGMENT – NATIONWIDE OWES A DUTY TO INDEMNIFY – AVT, ITS OWNERS, AND ITS EMPLOYEES

27. The Intervening Plaintiff, Jane Doe I, repeats and incorporates by reference paragraphs 1 through 26 of the Proposed Complaint in Intervention above, as if specifically set forth herein.

28. The Intervening Plaintiff, Jane Doe I, is entitled to a declaration that Nationwide owes a duty to indemnify AVT, its agents, owners and employees, with respect to the Newport Class Action under the CGL Policy.

WHEREFORE, the Intervening Plaintiff, Jane Doe I, demands judgment on her behalf together with costs and fees.

### COUNT III – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

29. The Intervening Plaintiff, Jane Doe I, repeats and incorporates by reference paragraphs 1 through 28 of the Proposed Complaint in Intervention above, as if specifically set forth herein.

30. There is implied in every contract a covenant of good faith and fair dealing.

31. Nationwide owed AVT a duty of good faith and fair dealing regarding the CGL Policy.

32. Nationwide breached its duty of good faith and fair dealing by, *inter alia*, refusing to properly defend and indemnify AVT.

33. The Intervening Plaintiff sustained damages as a result of Nationwide's breach of the duty of good faith and fair dealing.

34. The Intervening Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees.

   WHEREFORE, the Intervening Plaintiff, Jane Doe I, demands judgment against Nationwide for damages, punitive damages, attorney's fees, interest, costs, and such other relief as this Court deems just and reasonable.

## COUNT IV – UNFAIR TRADE PRACTICES

35. The Intervening Plaintiff, Jane Doe I, repeats and incorporates by reference paragraphs 1 through 34 of the Proposed Complaint in Intervention above, as if specifically set forth herein.

36. In violation of R.I.G.L. 1956 § 6-13.1-1 *et seq*., Nationwide has engaged in unfair trade practices, including its failure to properly pay AVT's claim.

37. The Intervening Plaintiff sustained damages as a result of Nationwide's unfair trade practices.

38. The Intervening Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

39. The Intervening Plaintiff is entitled to punitive damages as a result of Nationwide's unfair trade practices.

   WHEREFORE, the Intervening Plaintiff, Jane Doe I, demands judgment against Nationwide for damages, punitive damages, attorney's fees, interest, costs, and such other relief as this Court deems just and reasonable.

## JURY DEMAND

The Intervening Plaintiff demands trial by jury on all issues so triable.

                                            Respectfully submitted,
                                            The Proposed Intervenor,
                                            Jane Doe I,
                                            By her Attorneys,

                                            */s/ John A. Donovan, III*
                                            John A. Donovan, III, #5707
                                            Connor Criswell, #10267
                                            SLOANE AND WALSH, LLP
                                            652 Washington Highway, 3rd floor
                                            Lincoln, RI 02868
                                            P: 401-495-6796
                                            jdonovan@sloanewalsh.com
                                            ccriswell@sloanewalsh.com

DATED: June 13, 2022

## CERTIFICATION OF SERVICE

I, John Donovan III, Esq., of the law firm Sloane and Walsh, LLP, hereby certify that the within document was filed through the electronic filing system and will be sent electronically to all registered participants as identified on the system on June 13, 2022.

                                            */s/ John A. Donovan III*